IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FLOYD E. McNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-00190-W-DGK |
| | ) | |
| SANDRA WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This case arises from an accident on a city bus. Plaintiff *pro se* Floyd McNeal alleges that the bus began to move prior to his being completely seated and as a result he re-injured his right knee. Plaintiff is suing the bus driver, Defendant Sandra White, for damages.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 40). Although styled as a motion for summary judgment, this appears to be a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because Defendant questions whether the amount in dispute here is more than $75,000, and therefore whether the Court possesses subject matter jurisdiction to hear this case. The Court has reviewed Defendant's Suggestions in Support (Doc. 41), and Plaintiff has not filed a response despite being warned by the Court on July 7, 2009, that if he failed to file a response by July 20 the Court would decide the motion on the basis of the existing record.

For the following reasons the motion is GRANTED, and Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## BACKGROUND

For purposes of deciding the pending motion the Court finds the facts to be as follows. At the time Plaintiff Floyd McNeal ("McNeal") filed his Complaint he was a Kansas resident. Defendant Sandra White ("White") is, and at all times relevant to Plaintiff's Complaint was, a Missouri resident.

On March 1, 2008, Plaintiff boarded bus number 2403 that was being operated by Defendant White during the course and scope of her employment for the Kansas City Area Transportation Authority ("KCATA"). Plaintiff alleges that after he boarded bus number 2403 it began to move before he had finished sitting down. As a result of the bus's abrupt movement, Plaintiff allegedly injured his right knee.

Plaintiff was subsequently transported via Metropolitan Ambulance Services Trust ("MAST") ambulance service to TrumanMedical Center where he was given some treatment. Plaintiff has not received any additional medical treatment for the alleged injury since March 1, 2008. Plaintiff's bills stemming from this accident total $1,508.88.

Plaintiff has made several settlement demands of Defendant. On June 6, 2008, Plaintiff made a settlement demand to defense attorney Trevor Stiles in the amount of $3,000. On June 27, 2008, Plaintiff made a settlement demand to Defendant's attorney Trevor Stiles in the amount of $800. On September 16, 2008, Plaintiff made a settlement demand to Joe Thurston of Thomas McGee, L.C., the KCATA's third party claims adjuster, in the amount of $5,000. On December 31, 2008, Plaintiff made a settlement demand to Joe Thurston of Thomas McGee, L.C., the KCATA's third party claims adjuster, in the amount of $1,500.

Plaintiff is only seeking compensatory damages. He not making a claim for lost wages, punitive damages, future damages, or emotional distress. His Complaint alleges $300,000 in damages.

Finally, the Complaint alleges this Court has original jurisdiction over this dispute pursuant to its diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

**STANDARD**

To invoke original diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When the court questions whether the amount in dispute requirement is met, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri ex. rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**DISCUSSION**

Complete diversity of citizenship in this case is unquestioned, what is at issue here is whether the amount in controversy requirement is satisfied. Although the Complaint alleges damages well above the jurisdictional threshold and the damages a plaintiff seeks is usually determinative of the amount in dispute, the Court may not assume the claimed amount is the actual amount in dispute. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

Assuming for the sake of argument that Defendant is liable, it appears the actual amount in dispute is $1,508.88. Plaintiff's compensatory damages are $1,508.88, and he has expressly not claimed any other damages such as lost wages, punitive damages, future damages, or

3

damages for emotional distress.  Indeed, the most he has ever demanded to settle the case is $5,000, substantially less than the jurisdictional minimum.  Consequently it appears to the Court that it lacks subject matter jurisdiction to hear this dispute.

Accordingly, Defendant's Motion is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  August 3, 2009             /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT